UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: WILLIAM S. ELLIS, JR.,<br><br>Respondent. | No. 07-80057<br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner

This court's records reflect that, since 2002, respondent William S. Ellis, Jr. has initiated the following litigation in this court:

    02-17433 - affirmed;
    03-15166 - affirmed;
    03-15242 - affirmed;
    03-15336 - affirmed;
    03-15621 - dismissed for lack of standing;
    03-17072 - dismissed for lack of standing;
    04-17170 - affirmed;
    04-17205 - affirmed;
    05-16622 - voluntarily dismissed;
    05-16698 - affirmed;
    05-16950 - affirmed;
    05-17294 - voluntarily dismissed;
    06-15995 - voluntarily dismissed; and
    07-15109 - appeal pending.

Respondent's practice of burdening this court with meritless litigation justifies careful oversight of respondent's future litigation in this court.

[handwritten annotations in right margin:]
CV 02-00471 SOM-LEK
CV 02-00528 SOM-KSC
CV 02-00479 SOM-BMK
CV 02-00636 SOM-LEK
CV 02-00728 SOM-BMK
CV 03-00174 SOM-KSC
CV 04-00182 SOM-LEK
CV 04-00198 SOM-BMK
CV 05-00188 SOM-LEK
CV 05-00170 SOM-LEK
CV 05-00239 SOM-LEK
CV 05-00572 SOM-LEK
CV 06-00440 SOM-LEK
CV 05-00639 SOM-BMK

07-80057

The Supreme Court has recognized that "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of the [appellants'] frivolous requests . . . does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989). This court faces the same problems of limited resources in handling its large volume of appellate litigation.

Therefore, the respondent, William S. Ellis, Jr., shall respond and show cause within 14 days of the entry of this order why this court should not enter the following pre-filing review order. *See Visser v. California*, 919 F.2d 113, 114 (9th Cir. 1990) ("This court has the inherent power to restrict a litigant's ability to commence abusive litigation"). If respondent fails to file a timely response to this order, the Clerk shall forthwith enter the pre-filing review order regardless of further filings by respondent.

Should the pre-filing review order be entered, respondent's failure to comply with the order shall result in any new appeal(s) he seeks to file being dismissed or not being filed and other sanctions being levied against respondent, such as a monetary judgment or a judgment of contempt, as the court may deem appropriate.

<u>Pre-Filing Review Order</u>

(1)   This pre-filing review order shall apply to all notices of appeal filed by respondent, in whole or in part, if he proceeds pro se. This order shall not apply

S:\PROSE\Cmshords\2007\5.07\07-80057svg.wpd        2

07-80057

to appeals in which respondent has counsel or where the district court has expressly certified in its order that the appeal is not frivolous. Should respondent fail to comply with any of the provisions of this pre-filing review order, the Clerk shall not file the document and shall return the document to respondent, informing him of the deficiencies and granting him 14 days to correct the deficiency.

(2)  Each notice of appeal filed by respondent shall comply with the requirements of the Ninth Circuit Rules and the Federal Rules of Civil and Appellate Procedure, especially Federal Rule of Civil Procedure 54(b) and Federal Rule of Appellate Procedure 4(a), and shall contain the following sentence in capital letters "THIS NOTICE OF APPEAL IS FILED SUBJECT TO PRE-FILING REVIEW ORDER No. 07-80057" in the body of the notice of appeal.

(3)  Each of respondent's future notices of appeal shall include a copy of the order(s) of the district court from which he is appealing, a short and plain statement of the facts or law on which he will rely for the purposes of the appeal, and a statement that he has not previously appealed this order or raised this issue in a prior appeal.

(4)  If respondent's future notices of appeal are submitted in compliance with this order, the Clerk shall lodge the notice of appeal and accompanying documents. The Clerk shall not file the appeal or establish a presumptive schedule for the certificate of record, briefing, or transcripts except upon further order of the

07-80057

court. The court will review respondent's submissions and determine whether they merit further review and whether they should be filed.

(5) This pre-filing review order shall remain in effect until further order of this court. Respondent may, no earlier than July 1, 2009, petition the court to lift this pre-filing review order, setting forth the reasons why the order should be lifted.

*Peter L. Shaw*
General Order 6.3(e)